NO. 07-08-0184-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 13, 2009

______________________________


DONALD R. PEASE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-415,574; HONORABLE CECIL G. PURYEAR, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Following a plea of not guilty, Appellant, Donald R. Pease, was convicted by a jury
of aggravated robbery with an affirmative finding on use of a deadly weapon and
sentenced to twenty-eight years confinement. In presenting this appeal, counsel has filed
an Anders


 brief in support of a motion to withdraw. We grant counsel’s motion and affirm.
          In support of his motion to withdraw, counsel certifies he has conducted a
conscientious examination of the record and, in his opinion, the record reflects no
potentially plausible basis to support an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406
(Tex.Crim.App. 2008). Counsel has candidly discussed why, under the controlling
authorities, the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813
(Tex.Crim.App. 1978). Counsel has also demonstrated that he has complied with the
requirements of Anders and In re Schulman by (1) providing a copy of the brief to
Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and
(3) informing him of his right to file a pro se petition for discretionary review. In re
Schulman, 252 S.W.3d at 408.


 By letter, this Court granted Appellant thirty days in which
to exercise his right to file a response to counsel’s brief, should he be so inclined. Id. at
n.23. Appellant did not file a response. Neither did the State favor us with a brief.
 
Potential Issues
          By the Anders brief, counsel raises three potential issues, to-wit: (1) the evidence
was legally insufficient to support Appellant’s conviction; (2) the evidence was factually
insufficient to support Appellant’s conviction; and (3) the non-accomplice evidence was
insufficient to corroborate the testimony of Clifford Johnson, Appellant’s co-actor. Counsel
then explains why the issues have no merit. 
           We have independently examined the entire record to determine whether there are
any non-frivolous issues which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at 409; Stafford
v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. 
See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record
and counsel’s brief, we agree with counsel that there are no plausible grounds for appeal. 
See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005).
          Accordingly, counsel's motion to withdraw is granted and the trial court’s judgment
is affirmed. 
                                                                           Patrick A. Pirtle

                                                                                 Justice



                                                                                                                                    

Do not publish.